**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-30381
Summary Calendar

MIDWEST EMPLOYERS CASUALTY CO.,

Plaintiff-Counter Defendant-Appellee,

VERSUS

HARRIS MANAGEMENT INC.,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-1349)

November 4, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Harris Management Inc. ("Harris") appeals a declaratory judgment in favor of Midwest Employers Casualty Company ("Midwest"). Harris is self-insured for Louisiana workers' compensation purposes. Midwest issued an "Excess Insurance Policy for Self-Insurer of Workers' Compensation and Employer's Liability"

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to Harris. The policy provides for reimbursement and indemnification of the insured for benefits paid to one claimant that exceed $150,000. The policy includes a clause which obligates Harris to employ good faith in the settlement of all claims. Midwest brought this action seeking a declaration that it owes no further indemnity on two claims -- brought by Mary Brouillette and Truedy Autin -- because Harris refused to employ good faith in the settlement of those claims. There is no dispute that Brouillette and Autin were injured in the course and scope of their employment with Harris and that they had valid workers' compensation claims under Louisiana law.

After trial on the merits before a magistrate judge, pursuant to consent of the parties, declaratory judgment was entered for Midwest, holding that Harris breached its obligation "to not unreasonably refuse to settle any claim which, in the exercise of sound judgment, should be settled."

The case is before us based on our diversity jurisdiction and requires the interpretation of a Louisiana insurance policy. An insurance policy is a contract and must be interpreted by using ordinary contract principals and rules of interpretation found in Louisiana law. *Lewis v. Hamilton*, 652 So.2d 1327, 1329 (La. 1995). The first issue raised on appeal is essentially whether Harris's conduct amounted to a bad faith handling of the claims. The question is one of fact, a finding as to which we cannot overturn absent clear error. *Rogers v. Government Employees Ins. Co.,* 598 So.2d 670 (La.App. 3rd Cir. 1992). Having reviewed the record and the Memorandum Ruling on the Merits, we cannot say that the findings of the magistrate judge were clear error.

Next, Harris argues that a lump sum payment would have been required to settle the cases and that lump sum payments are precluded by public policy as announced by the Louisiana

legislature, citing LSA R.S. 23:1271. In fact, 23:1271 specifically allows compromise and lump sum payments under certain circumstances. The statute does not preclude such payments in these cases.[2]

Finally, Harris argues that it should not be held to a duty of good faith because another clause in the insurance contract provides for a specific procedure by which Midwest could limit its exposure. We agree with the district court that the good faith clause is not ambiguous and that it obligates Harris to do exactly what it says, that is, to use good faith to settle any claim and to "not unreasonably refuse to settle any claim which, in the exercise of sound judgment, should be settled."

For the foregoing reasons, we affirm the declaratory judgment.

AFFIRMED.

---

[2]LSA R.S. 23:1271 provides in pertinent part:
A lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer, his insurer, or both from liability under this chapter shall be allowed only:

(1) upon agreement between the parties, including the insurer's duty to obtain the employer's consent;

(2) when it can be demonstrated that a lump sum payment is clearly in the best interests of the parties; and

(3) upon the expiration of six months after termination of temporary total disability.